UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re*

PRISCILLA SANDRA CALCINES,

CASE NO: 12-12189-LMI
CHAPTER 7

     Debtor.

_____/

## MOTION TO APPROVE SETTLEMENT AND COMPROMISE

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

Jacqueline Calderin, as the Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy estate, files this motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local **Rule** 9013-1(D) for entry of an Order approving settlement by and between the Trustee and **Priscilla Sandra Calcines** (the "Debtor"), (the "Motion"), and in support therefore states as follows:

## BACKGROUND

1.      The Debtor commenced this case by filing a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2.      Jacqueline Calderin is the duly qualified and appointed Trustee of the Debtor's bankruptcy case.

3.      Pursuant to Section 541 of the Bankruptcy Code, all property of the Debtor as of the date of filing the Bankruptcy petition ("Petition Date" is property of the bankruptcy estate.  Under Florida Law, the Debtor may exempt certain property from administration by the Trustee.

4.      The Trustee has made demand for turnover of all property of the Debtor as of the Petition Date with a value exceeding the exemption limits under Florida Law.

5.      The Trustee and the Debtor wish to avoid the incurrence of attorneys' fees and risks associated with litigation.  Accordingly, the Trustee and the Debtor have agreed to settle all matters between them pursuant to the terms set forth in the Stipulation of Settlement (the "Settlement"), a copy of which is attached hereto as **EXHIBIT "A"** and fully incorporated herein by reference.

6.      In the event that the Debtor defaults upon the terms of the Settlement, the Trustee shall be entitled to seek a revocation of the Debtor's discharge upon Motion and a hearing.

7.      This Motion and the Settlement should be approved because the settlement payment will provide a distribution to creditors that would not otherwise be available, without the costs to the creditors or the estate otherwise associated with recovery of the value of the Debtor's non-exempt assets.  As such, the Settlement is fair and equitable, and is in the best interests of the estate and its creditors.

8.      Pursuant to F.R.B.P. 9019(a), the Court may approve a compromise or settlement. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D.Fla. 1988).  In determining the reasonableness of a settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

9.      The legal standard for approval of settlements in the Eleventh Circuit is outlined in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.) *cert. denied*, 498 U.S. 959 (1990). *Justice Oaks* requires that the Court consider: (1) the probability of success in litigation; (2) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (3) the paramount interest of the creditors and a proper deference to their reasonable views in the

2

premises. Based on the foregoing, the Trustee believes that the Settlement satisfies the *Justice Oaks* standard and that the Settlement is in the best interest of the Estate.

10.     In addition to approval of the Settlement, the Trustee seeks a finding from the Court that notice upon all appearances of record, creditors who have filed proofs of claim or who have asserted an interest in the Debtor's estate is sufficient notice to parties, pursuant to Local Rule 2002-1

WHEREFORE, the Trustee, Jacqueline Calderin, respectfully requests that this Court enter an Order approving the Settlement, a proposed copy of which is attached hereto as **Exhibit "B"** and granting any further relief as the Court deems appropriate.

**I HEREBY CERTIFY** that a true and correct copy hereof was served via U.S. Mail and/or electronically via CM/ECF on August 9, 2012 upon all interested parties on the attached service list.

Respectfully submitted by:

> Jacqueline Calderin, Trustee
> 247 SW 8th Street
> Unit #880
> Miami, FL 33130
> Tel. 786-369-8440
> Fax. 786-369-8523
>
> By:___ */s/ Jacqueline Calderin*
> Jacqueline Calderin, Trustee

3

Label Matrix for local noticing
113C-1
Case 12-12189-LMI
Southern District of Florida
Miami
Fri Aug 10 10:34:24 EDT 2012

Atlas Acquisitions
294 Union St
Hackensack, NJ 07601-4303

Accred Home
16550 W Bernardo D Bldg 1
San Diego, CA 92127-1870

American InfoSource LP as agent for
Asset Acceptance
as assignee of VICTORIAS SECRET/ WFNNB
PO Box 248838
Oklahoma City, OK  73124-8838

American InfoSource LP as agent for
Asset Acceptance
as assignee of WELLS FARGO/ CITY FURNITU
PO Box 248838
Oklahoma City, OK  73124-8838

Asset Acceptance Llc
Po Box 1630
Warren, MI 48090-1630

Bank Of America, N.A.
450 American St
Simi Valley, CA 93065-6285

Blmdsnb
9111 Duke Blvd
Mason, OH 45040-8999

Broad Anesthesia Associates
P.O.Box 862565
Orlando, FL 32886-0001

CACH, LLC
C/O Law Offices of Andreu, Palma & Andre
701 SW 27th Ave., Ste. 900
Miami, FL 33135-3000

Cach Llc
4340 S Monaco St Unit 2
Denver, CO 80237-3408

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

(c)CAVALRY PORTFOLIO SERV
7 SKYLINE DR STE 350
HAWTHORNE NY  10532-2162

Cbna
Ccs Gray Ops Center  541 Sid Martin Rd
Gray, TN 37615-6210

Central Finance Control
POB 660873
Dallas, TX 75266-0873

Central Finl Control
Po Box 66051
Anaheim, CA 92816-6051

Chase
JP Morgan Chase Legal Department
POB 9622
Deerfield Beach, FL 33442-9622

Citifinancial
300 Saint Paul Pl
Baltimore, MD 21202-2120

Citifinancial
8335 Century Park Ct Ste
San Diego, CA 92123-1569

City of Hialeah Fire Dept.
PO BOX 918660
Orlando, FL 32891-0001

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Gastro Health PL
POB 848593
Boston, MA 02284-8593

Gecrb/Bebe
Po Box 981400
El Paso, TX 79998-1400

Gecrb/Brandsmart
Po Box 981439
El Paso, TX 79998-1439

Gecrb/Care Credit
Po Box 981439
El Paso, TX 79998-1439

Gecrb/City Furniture
Po Box 981439
El Paso, TX 79998-1439

Gecrb/Dillards
Po Box 981400
El Paso, TX 79998-1400

Gecrb/Dillards Dc
Po Box 981402
El Paso, TX 79998-1402

Gecrb/Dlardd
Po Box 965005
Orlando, FL 32896-5005

Gecrb/Ge Capital Card
Po Box 981439
El Paso, TX 79998-1439

Gecrb/Ge Money Bank Lo
Po Box 103065
Roswell, GA 30076

Gecrb/Jcp
Po Box 984100
El Paso, TX 79998-4100

Gecrb/Jcp Ppp
Po Box 981402
El Paso, TX 79998-1402

Gecrb/Mervyns
Po Box 981400
El Paso, TX 79998-1400

Hsbc Bank
Po Box 5253
Carol Stream, IL 60197-5253

(p)HSBC BANK
ATTN BANKRUPTCY DEPARTMENT
PO BOX 5213
CAROL STREAM IL 60197-5213

Hsbc/Neimn
Po Box 15221
Wilmington, DE 19850-5221

Hsbc/Rtg
90 Christiana Rd
New Castle, DE 19720-3118

Hsbc/Saks
140 W Industrial Dr
Elmhurst, IL 60126-1602

JC Penney
P.O. BOX 960090
Orlando, FL 32896-0090

Lvnv Funding Llc
Po Box 740281
Houston, TX 77274-0281

Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

Midland Credit Mgmt In
8875 Aero Dr
San Diego, CA 92123-2255

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Springs General Hospital
1475 West 49th Street
Hialeah, FL 33012-3275

Quest Daignostics
POB 740781
Cincinnati, OH 45274-0781

Sears/Cbna
Po Box 6189
Sioux Falls, SD 57117-6189

Td Auto Finance
5225 Crooks Rd Ste 140
Troy, MI 48098-2823

Td Auto Finance
Po Box 1334
Roanoke, TX 76262-1334

Transworld Systems Inc, Collection Agenc
3450 Lakeside Drive 3304
Miramar, FL 33027-3268

Wffnatbank
Po Box 94498
Las Vegas, NV 89193-4498

Wfnnb/Express
4590 E Broad St
Columbus, OH 43213-1301

Wfnnb/Justice
555 W 112 Ave
Northglenn, CO 80234-3022

Wfnnb/Ny&C
220 W Schrock Rd
Westerville, OH 43081-2873

Wfnnb/Victorias Secret
Po Box 182128
Columbus, OH 43218-2128

no name on CR Liability

Jacqueline Calderin
247 SW 8 St # 880
Miami, FL 33130-3529

Priscilla Sandra Calcines
4525 West 20thAve.,Apt.C425
Hialeah, FL 33012-2805

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

*In re:*

PRISCILLA SANDRA CALCINES,                    Case No.:12-12189-LMI
                                              Chapter 7

                    Debtor.

_____/

### STIPULATION FOR THE PURCHASE OF THE DEBTOR'S NON-EXEMPT ASSETS

    **Jacqueline Calderin**, Chapter 7 Trustee ("Trustee") and **Priscilla Sandra Calcines** ("Debtor") hereby stipulate to the Purchase of the Non-Exempt Assets disclosed in the bankruptcy schedules in this case and more specifically identified below as follows:

    1.     On January 27, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  Thereafter, Trustee Calderin was appointed as the Chapter 7 Trustee.

    2.     Trustee and Debtor enter into this agreement for the purchase of the estate's right, title, and interest in the Debtor's non-exempt interest in the 2011 income tax refund.
all being referred to below as the "Non-Exempt Asset".

    3. As consideration for the Non-Exempt Assets the Debtor agrees to pay to the Trustee, in the form of a money order or a cashier's check made payable to "Jacqueline Calderin, Trustee, for the benefit of the Estate" the total sum of Seven Thousand Dollars ($7,000.00) (the "Settlement Funds") representing 100% of Debtor's 2011 tax refund (not including earned income credit) if any. The Debtor shall turnover a full copy of the 2011 tax return.  The Settlement Funds shall be paid as follows: $7000.00 in twelve (12) monthly payments commencing June 15, 2012.

    4. In the event of a default, Trustee will notify counsel to the Debtor of said default by facsimile transmission, U.S. Mail or Electronic Mail. If said default is not cured within ten (10) days of the notice of default, Trustee may proceed as set forth in Paragraph 5 of this Stipulation.

    5. In the event the Debtor fails to make the aforesaid payments on a timely basis, the Trustee shall be entitled to a revocation of Debtor's discharge by motion pursuant to Rule 9024, Fed. R. Bank. P., and the Debtor waives the requirement of an adversary proceeding for such matter.

    6. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, modified or supplemented except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.


_____            _____
Jacqueline Calderin, Chapter 7 Trustee              Debtor

_____
Attorney for Debtor(s)                              Debtor

Tax

EXHIBIT "B"

# PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re*

PRISCILLA SANDRA CALCINES,

CASE NO: 12-12189-LMI
CHAPTER 7

      Debtor.

_____/

## ORDER APPROVING TRUSTEE'S MOTION TO APPROVE SETTLEMENT BY AND BETWEEN JACQUELINE CALDERIN, TRUSTEE, AND THE DEBTOR

THIS MATTER came before the Court upon the motion of **Jacqueline Calderin**, as the

Trustee (the "Trustee") of the bankruptcy estate of **Priscilla Sandra Calcines** (the "Debtor"), to

approve the settlement between the Trustee and the Debtor(s), pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(D) (the "Motion") and upon the

filing of a Certificate of No Response or Settlement filed by the Trustee in conjunction with the

negative notice provisions set forth in the Motion.  The Court, having reviewed the Motion,

having taken judicial notice of the Court record in its entirety, finds that no objections to the

Motion have been filed, that sufficient and proper notice of the Motion was served on creditors

and parties in interest, that the Settlement is reasonable and in the best interest of creditors and

that estate, and finds good cause to approve the settlement.  Accordingly, the Court does

**ORDER** as follows:

1.      The Motion is **GRANTED**.

2.      The Settlement under the terms set forth in the Motion is **APPROVED**.

3.      The Court finds that the Settlement is in the best interest of creditors and the Bankruptcy Estate and is above the lowest point in the range of reasonableness. Accordingly, the Settlement meets the standard for approval of settlements as set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.) *cert. denied*, 498 U.S. 959 (1990).

4.      The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement.

5.      In the event that the Debtor defaults upon the terms of the Settlement, the Trustee shall be entitled to seek a revocation of the Debtor's discharge upon Motion and a hearing.

6.      To the extent that the Settlement includes turnover to the estate of an income tax refund, the Debtor shall provide a copy to the Trustee of any tax return filed immediately upon transmission to the Internal Revenue Service.

7.      The Court reserves jurisdiction to enforce the terms of this Order and the Settlement.

# # #

**Submitted by:**

Jacqueline Calderin, Trustee
247 SW 8th Street, #880
Miami, FL 33130

Copy to: Trustee Calderin, who is directed to serve a conforming copy herein upon all interested parties.